UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HOWARD PARTELL, JR. and BONNIE PARTELL,
*individually and on behalf of all others similarly situated*,

          Plaintiffs,

v.

LAWYERS TITLE INSURANCE CORP.,

          Defendant.

**DECISION AND ORDER**
08-CV-166S

      Presently before this Court is Defendant Lawyers Title Insurance Corporation's Motion to Dismiss Plaintiffs Howard and Bonnie Partell's complaint, which alleges violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607 (b), New York General Business Law § 349, and other state laws. (Docket No. 9.) Because the federal claim in this case is indistinguishable from the one this Court recently rejected in Lang v. First Am. Title Ins. Co. of N.Y., 08-CV-31S, Defendant's motion is granted.[1]

      The plaintiffs in Lang asserted essentially the same claim that Plaintiffs assert here: that an insurers failure to apply a reissue discount for title insurance violates RESPA § 8 (b) because the non-discounted portion of the fee is an "unearned fee" that the insurer "splits" with the title company, as distinguished from an overcharge. Citing the governing Second Circuit authority, see Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 114-15 (2d Cir. 2007); Kruse v. Wells Fargo Home Mortg., Inc., 383 F.3d 49, 57 (2d Cir. 2004) (describing mark-ups), this Court in Lang rejected this parsing of the fee into earned and

---

[1] This Court's decision in Lang is attached as Exhibit A.

1

unearned portions, and instead found that the plaintiffs asserted an overcharge claim that is not cognizable under RESPA § 8 (b). This Court found as follows: "Congress's clear intent with regard to RESPA § 8 (b) was to exclude overcharge claims, which is what Plaintiffs allege here, no matter how they try to cloak it." Lang, 08-CV-31S, p. 12.

As noted in Lang, the Second Circuit and numerous other courts have nearly unanimously rejected precisely the same partitioned overcharge claims that the plaintiffs in Lang advanced and that Plaintiffs advance here. See, e.g., Arthur v. Ticor Title Ins. Co. of Fla., 569 F.3d 154 (4th Cir. 2009); Hazewood v. Found. Fin. Grp., LLC, 551 F.3d 1223 (11th Cir. 2008);Morrisette v. Novastar Home Mortg., Inc., No. 08-10036, 2008 WL 2610550 (11th Cir. July 3, 2008) (per curiam); Patino v. Lawyers Title Ins. Co., No. 3:06-CV-1479-F, 2010 WL 1222705 (N.D. Tex. Mar. 23, 2010); Hancock v. Chicago Title Ins. Co., 635 F. Supp. 2d 539 (N.D. Tex. 2009); Kingsberry v. Chicago Title Ins. Co., 586 F. Supp. 2d 1242 (W.D. Wash. 2008); Barnett v. Chicago Title Ins. Co., No. 08-652, 2008 WL 3411684 (E.D. Pa. Aug. 11, 2008). But see Hamilton v. First Am. Title Co., 612 F. Supp. 2d 743 (N.D. Tex. 2009); Mims v. Stewart Title Guar. Co., 521 F. Supp. 2d 568 (N.D. Tex. 2007).

Accordingly, for the reasons fully stated in Lang, Defendant's Motion to Dismiss is granted and this Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims, which are instead dismissed without prejudice under 28 U.S.C. § 1367(c)(3). In light of this conclusion, it is unnecessary for this Court to reach Defendant's statute of limitations arguments.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED for the reasons fully articulated in <u>Lang v. First Am. Title Ins. Co. of N.Y.</u>, 08-CV-31S.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, which are hereby DISMISSED under 28 U.S.C. § 1367(c)(3).

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  September 30, 2011
        Buffalo, New York

                                          /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                              Chief Judge
                                        United States District Court